## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| SYLVIA GARCIA A/N/F OF § | |
| FREDERICK MATTHEW GARZA § | |
| PLAINTIFFS § | |
| § | **CIVIL ACTION NUMBER** \_\_\_\_\_ |
| V § | **JURY DEMAND** |
| § | |
| CITY OF MCALLEN AND McALLEN § | |
| INDEPENDENT SCHOOL DISTRICT § | |
| DEFENDANTS § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

#### A.      Parties

1.      Plaintiff Sylvia Garcia a/n/f of Frederick Matthew Garza (herein after Frederick or student) are individuals and citizens of this State of Texas and reside in McAllen.

2.      Defendant City of McAllen is a municipality in the state of Texas who may be served by serving its mayor, Mr. Cortez at City Hall.

3.      Defendant McAllen ISD is an independent school district and in the State of Texas may be served by serving the mayor of the city of McAllen at City Hall.

#### B. Jurisdiction

4.      This court has jurisdiction over the lawsuit is action arises under Title 42 section 1983.

5.      The court has jurisdiction in this civil action under the United States Constitution, 14th Amendment Section 1, Due Process Clause because the defendants deprived Plaintiff of his property and liberty interests without due process.

6.      The Court has jurisdiction because Plaintiff has damages that exceed the minimal jurisdiction requirements of $75,000, exclusive of interests and costs.

#### C. Facts

7.      On or about December 2012, Frederick Matthew Garza was duly enrolled at a middle

school in the McAllen Independent School District.

8.  The student was under section 904 of IDEA and an individual educational plan (I.E.P.) that was in effect at the time

9.  Allegedly the student was sent to the principal by his teacher for causing an outburst in class where he was suspended for three days. The suspension was an at-home suspension.

10. This student was not provided with a hearing before his suspension in violation of IDEA that requires a hearing before suspension or placement in an alternative setting to determine whether his behavior was a manifestation of his condition.

11. The defendants failed to consider whether Frederick's actions were caused by or had a direct and substantial relationship to this condition covered under § 904 or IDEA.

12. When the student was suspended the assistant principal and the principal did not even consider that the student was under section 904 of IDEA.

13. The principle of the school after suspending the student, telephoned the child's parent, Sylvia Garcia to inform her that her son had been suspended for three days. The suspension was an out of school suspension.

14. The child's parents were not provided with an opportunity to contest or challenge the child's suspension before they be present when the child to be provided with an opportunity to contest or challenge

15. The child was not provided with an opportunity to provide evidence, witnesses or cross examine any witnesses before he was suspended for three days and then removed from the classroom and placed in an alternate disciplinary setting from teh rest of the school year. This was the total disciplinary actions imposed without adequate notice or a hearing.

16.     Plaintiff was deprived of a manifestation hearing under section 904, IDEA before his suspension.  The defendants failed to determine whether this condition contributed to or directly related to the conduct complained of

17.     Plaintiff was also deprived of a hearing under United States Constitution 14th Amendment Section 1, Due Process Clause.  The student was not afforded a hearing with his parents present so that he could provide a contest to his school teachers allegations.

18.     The principal also told Sylvia Garcia that they would call her on the following Friday to tell her what total actions would be taken by the school.  During this firtehr a determination would be made on whether he could return to the school or not.

19.     Sylvia Garcia had a meeting with the McAllen ISD Administrators and requested a hearing into the matter or an appeal.

20.     On or about the following Friday, the principal of the middle school telephoned Sylvia Garcia and told her that FMG had been subjected to a different educational placement. The student was placed in a disciplinary alternate educational setting without being provided with a hearing under IDEA.

21.     The change of placement caused for a change in the location of the plaintiff. The different educational setting on a campus across town would result in a dilution of the quality of the student's education thereby affecting the students property interest to a quality, free education.

22.     Defendant's violated federal statutes because the student was required to be provided a manifestation hearing before he was placed in a disciplinary educational placement setting or ING.

23.     At ING the students consist of all the troublemakers in the school district that are

placed in what could be considered holding pens. The students at ING do not receive a quality education as compared to the students in the regular classrooms.

24.    Additionally since they are placed in a classroom with all the troublemakers of the school district there is a greater probability that disruptions occur in the classroom. Additionally, there is a higher probability that the students placed in ING are gang members that intimidate or cause problems for the other students attending the alternate disciplinary school setting.

25.    The McAllen Independent School District did not take into consideration whether the behavior subject to this very action was directly related to the students condition.

26.    the assistant principal was spoken to and  a  request  for  a  hearing,  appeal  or reconsideration of the students suspension. The assistant principle was told that they failed to provide a  manifestation hearing before his suspension.

27.    The assistant principal stated that he would check into the issue presented to them and that he would determine whether Frederick was covered under 904 or 902 of IDEA and whether he was under IEP or whether he had been placed on an individual educational plan.

28.    On December 12, 2012, the telephonic conversation occurred with the vice principal ofmiddle school.

29.    A hearing and appealwas requested in regards to us this student suspension and placement in a disciplinary alternative to educational placement.

30.     The assistant principal stated that he would first verify whether the student was covered under section 904 or 902 of IDEA.  This occurred after the students' suspension  and whether he had an individual educational plan (I.E.P.) in place. The vice Principal stated that he would address that issue with the principal.

31.     The following day on December 13, 2006, the principal was requested with a hearing, or rehearing with the child present along with his parents, the teacher who made allegation of the student's breaking school rules.  It was also requested that we be allowed to present witnesses and cross examine witnesses.

32.     The principal of Cathy Middle School was asked send him the results of their investigation of the incident in written form to the parent's address .

33.     I told him that since Frederick is under § 904 of IDEA such procedural due process is governed by the U.S. Constitution and federal statutes.   Under idea they were supposed to have a manifestation hearing to determine whether the condition caused or was directly related to the conduct complained of. .

34.     A manifestation hearing is required before the student is allowed to be placed in a disciplinary alternative education program

35.     Federal law prevails over the defendant's Student Code of Conduct.
        and idea

36.     The principal stated that they could not provide a hearing or an appeal on the student's suspension or placement in a disciplinary alternative educational placement until he enrolled in ING.  The principal stated that it only until the student enrolls and is satisfactorily attending the alternate disciplinary educational placement will they be allowed to provide a hearing on the decision to place the student in  an alternate setting.

37.     The principal told Sylvia Garcia that even though the student was covered under Section  904 that he did not have to provide him a hearing before his suspension or before placement in the alternate setting.  The principal also stated that he did not have to provide a manifestation hearing before placing the student in a disciplinary

alternate education program even if he was under section 504.

38.     The McAllen I.S.D. violated federal statute under I.D.E.A.and deprived the student of his constitutional rights underthe 14th Amendment § 1, the right not to be deprived of his property interest to a free education.  The Plaintiff's liberty interests were also implicated by such actions.

**Hearing were requested**

39.     According to the Student Code of Conduct, a hearing is supposed to be providing within three days of the suspension.

40.     The student was not provided a hearing before he was placed in an alternate setting there was a requirement under section 904 that hearing be provided.

41.     On December 13, 2013, spoke to the principal over the telephone.  He stated that he had the assistant principal and 2 other employees of the school in the room and that they were on a speaker phone.

42.     It was made it clear to the Principal that the telephone conversation would not substitute for a hearing with the student and persons with knowledge of relevant facts present and  the opportunity to present evidence.

43.     A  hearingwas requested be provided with the parents, studentand teacher present to determine whether the student had violated any rules.

44.     A manifestation hearing was also requested to determine whether the conduct was caused by the studentscondition before he is placed in a disciplinary alternate educational program.

45.     The Principal was told him that the child was required to stay put in his last placement in his the school setting during dependency of hearings and appeals.

46.     I requested that a hearing be set on the matter and principal stated that he could not

provide a hearing because he had a already conducted a determination to place him in a disciplinary alternate educational placement.

47.   The principal deprived the student of a manifestation hearing before he was removed from his regular school setting.

48.   The Principal stated that he could not provide a hearing because it wasn't not allowed for under the McAllen Independent School District's Student Code of Conduct.  I told the principal that when there's a conflict between this student code of conduct and the constitution, that the constitution would control or Constitution that said federal statute federal Constitution would be the governing law.

49.   You are refining hearing under is 904 I is a war under the U.S. Constitution

50.   Principal also stated that the child was under last years IEP and that a new IEP for this year had not been drawn up. The students qualifies under section 904 based on the precious year's review. However the school has not yet revised last year's IE.P. to determine whether it was appropriate  for the 2012-2013 school year.

51.   Defendants failed to implement a qualified individual educational plan for the 2012 - 2013 school year.

52.   There had been new findings by therapist that the student had a condition that causes him  to throw outburst or tantrums on impulse in certain situations.

53.   Student was suspended for three days without providing a hearing with a parent present.

54.   I told the principal to schedule a hearing where the parents, the student, the principal and the teacher could have a personal conference in person as soon as possible. This was in regards to both the suspension and the placement in an alternate setting.

55.   It was also requested from the press all that he forwarded any findings or any other

documents or investigations into the incident where the student was suspended. The request was made on December 13, 2012. The principal indicated that he would forward such written documentation material as soon as possible.

56.   Case law a student under section 904 of IDEA may not be segregated in regular classes in the use of supplemental services they provide for a satisfactory learning environment there will be no need to place the student in a special education class

57.   A school can provide adequate accommodation for the needs of the students under IEP in a regular class and the students should stay in the regular class.

### IV.   Causes of Action

### Count 1 -  Violations of the 14th Amendment, Section 1, Due Process Clause under Title 42 Section 1983

**Plaintiff incorporates Paragraphs  1 - 57 as if fully set herein**

58.   The Defendants City of McAllen and McAllen Independent School district failed to provide "an informal hearing or meeting with the superintendent, principal, or other school administrator before the student was removed from school, during which time the student and his or her parent could have the opportunity to explain the student's side of the story".

59.   The student was twice punished for the same alleged behavior in the class. First, he was subjected to a short term suspension of less than 10 days without a hearing fro an incident of allegedly making some smart-alecky comment to a teacher in the classroom. The student completed his three day at home suspension and was not allowed to return to the classroom.

60.   The student was then subjected to placement in a disciplinary alternate school setting without a manifestation hearing under IDEA, Section 504. Those actions were against federal law and deprived the student of his constitutional rights.

61.   The school did not allow the students parents to be allowed an opportunity to be provided with notice or allowed to join of any hearings before the student was suspended.

62.   McAllen ISD did not provide the student with an informal hearing.

63.   McAllen ISD did not provide a manifestation hearing before the student was subjected to a short term suspended.

64.   Defendant McAllen I.S.D.'s acted under their practices, customs and policies.

65.   McAllen ISD did not provide a manifestation hearing before the student was subjected to placement in an Alternate Disciplinary Setting.

66.   Defendant's denial of due process before the student was suspended and placed in an alternate Disciplinary setting requires that their decision be reversed and that the student be immediately reinstated.

67.   The denial of due process protections is grounds for reversal of the suspension or expulsion decision of a board of education, and for the student's immediate reinstatement to school.

68.   The constitutional deprivation caused by Defendant was the proximate cause that Plaintiff suffered from mental anguish and emotional distress.o

69.   Treatment for such mental anguish and emotional distress caused for Plaintiff to incur medical bills.

### Count 2 -  Violations of Section 904, IDEA

**Plaintiff incorporates Paragraphs  1  -  57 as if fully set herein**

70.   The student did not commit any serious offenses that would merit being placed in an alternative disciplinary educational setting without providing a manifestation hearing. A manifestation determination review was not conducted within 10 days.

71.   The policies and practice of McAllen Independent School District are unnecessarily

too strict and vague that discriminate against student with disabilities under Section 504 of the Rehabilitation Act of 1973 that prohibits against discrimination against students with a disability.

72. School discipline at the McAllen Independent School District is favored towards out of school suspension for less than ten days based on their Defendant's practices and policies. Such practices do not provide a productive and safer learning environment. McAllen Independent School District does not provide a safer environment for proscribing an out of school suspensions for incidents that do not include violence, weapons or drugs.

73. Such polices, procedure and practices of McAllen ISD adversely impact students especially those that are on an IEP. Such practices, customs and policies discriminate against students under Section 504 and under IDEA.

74. The constitutional deprivation caused by Defendant was the proximate cause that Plaintiff suffered from mental anguish and emotional distress.o

75. Treatment for such mental anguish and emotional distress caused for Plaintiff to incur medical bills.

## V. Damages

76. Plaintiff suffered the following injuries and Damages as a direct and proximate result of defendant's acts and omissions.

   a. Past and Present Medical Expenses;

   b. Future Medical Expenses;

   c. Past and Present Mental Anguish;

   d. Future Mental Anguish;

   e. Past and Present Emotional distress;

f.  Future Emotional distress;

g.  Out of pocket Costs;

h.  Nominal Damages for violation of Constitutional Rights;

i.  Exemplary Damages.

**Attorneys Fees are Requested**

77.  Plaintiff is entitled to an award of Attorneys Fess and are so requested in the event that that an attorney is hired.

**DECLARATORY RELIEF**

78.  That the suspension was a denial of due process and that the student be reinstated since no manifestation hearing was provided before his suspension or placement in an disciplinary alternate setting.

79.  That the student was supposed to have been placed in his last setting in school before he was suspended or placed in an disciplinary alternate setting during the pendency of this lawsuit or during manifestation hearings.

**G. Prayer**

80.  By reason of the above and foregoing, Plaintiffs have been damaged in a sum that exceed the $ 75,000.00 jurisdictional limits of this Court.

81.  Wherefore. Plaintiff prays that the Defendant City of McAllen and McAllen I.S.D. be cited to appear and answer herein; that upon trial of this cause Plaintiff recovers;

1       Judgment against Defendant City of McAllen and McAllen I.S.D. for Plaintiff's damages as set forth above, and in an amount above the minimal jurisdictional limit of this Court;

2.      Judgment against Defendant City of McAllen and McAllen I.S.D. for exemplary punitive damages;

3.      Attorneys Fees;

4.     Interest in said judgment and the legal are from the date of judgment;

5.     Pre-judgment interest on Plaintiff's damages as allowed by law;

6.     Cost of Court: and

7.     Such other and further relief to which Plaintiff may be justly entitled to both in law and in equity.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

Respectfully submitted by:

Sylvia Garcia a/n/f of
Frederick Mathew Garza
2006 W. Beaumont
McAllen TX 78501
(956) 821-6872

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Sylvia Garcia A/N/F of Frederick Matthew Garza

**(b)** County of Residence of First Listed Plaintiff    Hidalgo
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Pro Se

## DEFENDANTS

City of McAllen and McAllen Independent School District

County of Residence of First Listed Defendant    Hidalgo
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☑ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                      *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☑ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

### CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

### TORTS

**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### FORFEITURE/PENALTY
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

### LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

### SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- ☐ 375 False Claims Act
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

### REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### CIVIL RIGHTS
- ☑ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☑ 448 Education

### PRISONER PETITIONS
**Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty
**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

### IMMIGRATION
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☑ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title 42 § 1983, Section 404, IDEA

Brief description of cause:
Deprivation of 14 Amendment § 1, Suspended without Due Process, IDEA,

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND:   ☑ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE   April

SIGNATURE OF ATTORNEY OF RECORD _____

## FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____