UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| SYLVIA GARCIA, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 7:13-CV-460 |
| | § | |
| CITY OF MCALLEN, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER TO CONTINUE

Pending before the Court is the self-styled "Defendant City of McAllen's Motion to Dismiss."[1] After reviewing the motion, record, and relevant authorities, the Court **CONTINUES** the pretrial and scheduling conference as currently scheduled until the motion is ripe for the Court's consideration.[2]

### I.  Background

Sylvia Garcia, a/n/f of Frederick Matthew Garza ("Plaintiff"), filed a complaint on August 27, 2013, against the City of McAllen ("City") and McAllen Independent School District ("School"), alleging the minor's suspension and change of educational placement in a manner which violated the 14th Amendment's Due Process Clause and Section 504 of the Rehabilitation Act of 1973.[3] In the instant motion, the City alleges that Plaintiff cannot state a claim against the City, since the City cannot have a policy or custom regarding the governance of an independent governmental entity such as the School.[4] Since the City cannot bear liability for the School's

---

[1] Dkt. No. 7.
[2] LR 7.3.
[3] Dkt. No. 1, pp. 8-10.
[4] Dkt. No. 7, pp. 3-4.

actions on any set of possible facts, the complaint against the City should be dismissed for failure to state a claim upon which relief may be granted.[5]

**II.     Analysis**

Unfortunately, the City fails to cite to any court decision, state law, or articles of incorporation which might confirm the "separate and independent" status of the two governmental entities. The City relies instead on nothing other than its own say-so, apparently hoping to raise itself above the 12(b)(6) standard by tugging stubbornly on its own bootstraps.

In the absence of a helpful brief from the City, the Court nevertheless possesses good reason to suspect the City's assertions correct. First, the Court takes a heavy hint from the name "McAllen *Independent* School District" that the school may, in fact, stand *independent* from most sub-state governmental bodies. Second, and more importantly, the Texas Education Code provides that "[a]n independent school district is governed by a board of trustees . . . ."[6] The Fifth Circuit has written, "Texas law is clear that final policymaking authority in an independent school district . . . rests with the district's board of trustees," and noted that "[t]he Supreme Court has cautioned that 'a federal court would not be justified in assuming that municipal policymaking authority lies somewhere other than where the applicable law purports to put it.'"[7]

Thus Texas law and this Court's precedent indicate that educational policymaking authority does not extend outside the School to the City, and the City cannot be liable under *Monell* and its progeny for the School's actions.[8]

---

[5] For standards governing the motion to dismiss, *see* FED. R. CIV. P. 12(b)(6); Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009); Shandong Yinguang Chem. Indus. Joint Stock Co., Ltd. v. Potter, 607 F.3d 1029 (5th Cir. 2010).

[6] TEX. ED. CODE §11.051, "Governance of Independent School District; Number of Trustees."

[7] Doe on Behalf of Doe v. Dallas Indep. Sch. Dist., 153 F.3d 211, 216 (5th Cir. 1998) (citations omitted). While this case pre-dates the repeal of §23.01, the repeal of §23.01 did not change the current language in §11.051, so the Court sees no reason to presume independent school districts less independent than they used to be.

[8] Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978).

### III. Holding

Accordingly, the Court very probably will dismiss Plaintiff's claims against the City of McAllen. Per the Court's Local Rules, Plaintiff may file a response on or before 12 November 2013, for which the Court must wait before ruling on the City's motion.[9] The Court previously scheduled an initial pretrial and scheduling conference for that date.[10]

In the interests of judicial efficiency, the Court **CONTINUES** the conference as currently scheduled until the motion is ripe for the Court's consideration, and **ORDERS** all parties to appear for a pretrial and scheduling conference **on December 17, 2013 at 9 a.m.** All deadlines associated with that conference are adjusted accordingly; in particular, the Court orders all parties remaining in the case at that time to file **an updated joint discovery and case management plan at least 10 days prior to the conference as rescheduled.**

IT IS SO ORDERED.

DONE this 5th day of November, 2013, in McAllen, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE

---

[9] LR. 7.3.
[10] Dkt. No. 2.